UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTINE WOOD

CIVIL ACTION

VERSUS

NUMBER 13-601-JJB-SCR

WAL-MART LOUISIANA, LLC, ET AL

## ORDER TO AMEND NOTICE OF REMOVAL

Defendants Wal-Mart Louisiana, LLC and Wal-Mart Stores, Inc., removed this case asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship.  Defendants alleged in their Notice of Removal that the plaintiff is a Louisiana citizen ("she is a resident an domiciliary of the State of Louisiana").[1] As to the defendants' citizenship, in the Notice of Removal the defendants alleged as follows:

> Defendants, Wal-Mart Stores, Inc. and Wal-Mart Louisiana, LLC are residents and domiciliaries of the State of Arkansas with their principal place of business in Bentonville, Arkansas.  All shares of stock in Wal-Mart Stores, Inc. are owned by Wal-Mart Stores, Inc., which is a Delaware Corporation with its principal place of business in Bentonville, Arkansas, and which is a publically held company. Likewise, Wal-Mart, LLC is a Delaware limited liability company with its principal place of business in Bentonville, Arkansas.[2]

When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in

---

[1] Record document number 1, ¶ 10.

[2] *Id.,* ¶ 8.

accordance with § 1332(a) and (c).[3]

Under § 1332(c)(1) a corporation is deemed to be a citizen of any state in which it is incorporated, and of the state in which it has its principal place of business. For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members.[4] Thus, to properly allege the citizenship of a limited liability company, the party asserting jurisdiction must identify each of the entity's members and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[5]

Defendants' jurisdictional allegations as to defendant Wal-Mart Louisiana, LLC are not sufficient to establish diversity jurisdiction. Because the defendant is a limited liability company, the state where it is organized and where it has its principal place of business does not determine its citizenship.

---

[3] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at 1662).

[4] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990).

[5] The same requirement applies to any member of a limited liability company which is also a limited liability company or a partnership. *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D.La. Sept. 24, 2007)(when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are).

Therefore;

IT IS ORDERED that defendants Wal-Mart Louisiana, LLC and Wal-Mart Stores, Inc. shall have 14 days to file an Amended Notice of Removal which properly alleges the citizenship of defendant Wal-Mart Louisiana, LLC.[6]

**Failure to comply with this order may result in the case being remanded for lack of subject matter jurisdiction without further notice.**

Baton Rouge, Louisiana, September 16, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[6] Notices of removal in other cases in which Wal-Mart Louisiana, LLC is a defendant have alleged sufficient facts from which the court can conclude that defendant Wal-Mart Louisiana, LLC is a citizen Arkansas. See, e.g., *Polito v. Wal-Mart Louisiana, LLC*, CV 13-518-SDD-RLB, record document number 1, Notice of Removal, ¶ 9 (filed by the same attorney who represents the defendants in this case). However, the court cannot take judicial notice of the citizenship of defendant Wal-Mart Louisiana, LLC because it may have changed its organizational structure.