UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTINE WOOD

CIVIL ACTION

VERSUS

NUMBER 13-601-JJB-SCR

WAL-MART LOUISIANA, LLC,
ET AL

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, October 30, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTINE WOOD

VERSUS

WAL-MART LOUISIANA, LLC,
ET AL

CIVIL ACTION

NUMBER 13-601-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Remand filed by plaintiff Christine Wood. Record document number 5. The motion is not opposed.

Plaintiff filed a Petition for Damages in state court against defendants Wal-Mart Louisiana, LLC and Wal-Mart Stores, Inc. to recover damages for injuries resulting from being struck from behind by a shopping cart pushed by a Wal-Mart employee. Plaintiff alleged that the force of the impact caused her to fall, and as a result she suffered the following non-exclusive injuries: ankle injury; hip injury; neck injury; back injury; headaches; and other injuries.[1] Plaintiff's non-exclusive list of damages alleged in the petition were for: physical pain and suffering - past, present and future; mental pain, anguish and distress - past, present and future; loss of enjoyment of life - past, present and future; disability - past, present and future; loss of consortium;

---

[1] Record document number 1-1, Exhibit A, Petition for Damages, ¶ 11.

impairment of earning capacity - past present and future; and, medical expenses - past, present and future.[2]

Defendants removed the case based on diversity jurisdiction under 28 U.S.C. § 1332(a).  With regard to the amount in controversy, the defendants alleged that it is facially apparent the amount exceeds $75,000 exclusive of interest and costs. Defendants relied on the injuries and damages alleged in the plaintiff's petition and the fact that the plaintiff failed to allege or offer a binding stipulation that her damages are less than the jurisdictional amount.

Plaintiff moved to remand on the ground that her claims do not satisfy the required amount in controversy.  Plaintiff argued that the amount is not facially apparent from the petition and the defendants failed to meet their burden of showing that the jurisdictional amount is satisfied in this case.  Plaintiff also argued that the defendants failed to allege the citizenship of the unknown store employee included in the state court petition.

Based on the applicable law and the analysis that follows, the plaintiff's Motion to Remand should be granted.

**Applicable Law**

It is well settled that when faced with a motion to remand,

---

[2] *Id.*, ¶ 12.  In their Notice of Removal the defendants cited and relied on the plaintiff's allegations in paragraphs 11 and 12. Record document number 1, Notice of Removal, ¶ 6.

the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335, *rhrg. denied*, 70 F.3d 26 (5th Cir. 1995).

When a case is removed under 28 U.S.C. § 1441(a) solely on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a), the citizenship of unknown or fictitiously named defendants is disregarded. 20 U.S.C. § 1441(b); *Lundy v. Cliburn Truck Lines, Inc.*, 397 F.Supp.2d 823, 828 (S.D.Miss. 2005).

If a case is removed based on diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). However, if the state practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded, removal is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(A)-(B). This is the case in Louisiana - plaintiffs in Louisiana state courts may not plead a numerical value of claimed damages.[3] Therefore, in the Fifth

---

[3] Louisiana Civil Code article 893(A)(1) provides that while no specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand, "if a specific amount of damages is necessary to establish...the lack of jurisdiction of federal courts due to insufficiency of damages,...a general allegation that the claim exceeds or is less than the requisite amount is required."
    Plaintiff did not allege that her claim was for less than the
(continued...)

Circuit for cases removed from Louisiana courts, the established framework for resolving disputes over the amount in controversy is as follows.  The removing defendant must show, by a preponderance of the evidence, that the jurisdictional amount is satisfied in one of two ways: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000; or, (2) by setting forth facts - preferably in the removal petition, but sometimes by affidavit – which support finding that the required amount is present.  *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000); *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002), *cert. denied*, 538 U.S. 945, 123 S.Ct. 1634 (2003).[4]

Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal.  *Gebbia*, 233 F.3d at 883.  If at the time of removal it is facially apparent

---

[3](...continued)
required jurisdictional amount.  While this factor supports finding that the plaintiff's claims are not for less than the amount required for diversity jurisdiction, it is not determinative and is considered in light of other evidence. *See*, *Weber v. Stevenson*, 2007 WL 4441261 *2 (M.D. La. Dec. 14, 2007); *Joseph v. State Farm Mut. Auto. Co.*, 2011 WL 2899127 (E.D. La., July 18, 2011).

[4] *See, Washington-Thomas v. Dial America Marketing, Inc.*, 2012 WL 5287043 (W.D. Tex. Oct. 23, 2012); *Firmin v. Richard Const., Inc.*, 2012 WL 5332998 (E.D. La. Oct. 26, 2012) (new provision of § 1446(c)(2) of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub.L. No. 112-63, 125 Stat. 758 (2011), is consistent with the Fifth Circuit approach in requiring that the removing defendant prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 when plaintiffs do not request a specific amount in damages).

from the petition that the amount in controversy exceeds $75,000, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of jurisdiction. *Id.*; *Asociacion Nacional de Pescadores a Pequena Escalal O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685 (1994). However, post-removal affidavits may be considered in determining the amount in controversy if the basis for jurisdiction is ambiguous at the time of removal. *Id.* If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *Grant*, 309 F.3d at 869; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586 (1938).

## Analysis

Plaintiff's argument that diversity is lacking because the defendants did not allege the citizenship of the unknown store employee is unpersuasive. As provided in § 1441(a), the removing defendants properly disregarded the citizenship of the unidentified defendant.

With regard to the amount in controversy, however, it is not facially apparent from the allegations in the plaintiff's petition

that the value of her claims exceeds $75,000, exclusive of interest and costs. Although the plaintiff alleged injuries to several areas of her body and sought numerous types of damages, the allegations are all general. Totally absent from them are any facts describing the specific injuries or damages with particularity, such as a description of the nature or extent of the injuries, or the medical treatment already obtained or likely to be required. It would be pure speculation to conclude that the plaintiff's claims satisfy the jurisdictional amount based on such general allegations. Furthermore, the lack of an Article 893(A)(1) allegation in the plaintiff's petition is insufficient, in this case, to carry the defendants' burden of proof.

It is not facially apparent from the petition that the plaintiff's claims likely exceed $75,000, exclusive of interest and costs. Defendants failed to meet their burden of showing by a preponderance of the evidence that the jurisdictional amount is satisfied. Plaintiff's Motion to Remand should be granted.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Motion to Remand filed by the plaintiff Christine Wood be granted.

Baton Rouge, Louisiana, October 30, 2013.

*[Signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE